IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERHAM DANIEL LARE,

      Plaintiff,

v.                                                                      No. 1:22-cv-00007 JFR/SCY

SUPREME MAINTENANCE, INC. and
WADE HUNT,

      Defendants.

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR DEFAULT JUDGMENT

This matter comes before the Court on Plaintiff Jerham Daniel Lare's Motion for Default Judgment. As background, Plaintiff filed his complaint on January 3, 2022, alleging employment discrimination against his former employers, Defendants Supreme Maintenance and Wade Hunt. Doc. 1. He requested to proceed in forma pauperis, which the Court granted. Docs. 3, 6. In granting Plaintiff's request, the Court noted that "[b]ecause Plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915, the Court will order the Clerk of the Court to notify Defendants that an action has been commenced and request that Defendants waive service pursuant to Fed. R. Civ. P. 4(d)." Doc. 6 at 2. The Clerk of the Court therefore sent notice and waivers of service forms to Defendants. Docs. 6, 9. Defendants have not yet responded or returned the waiver of service forms.

Presently before the Court is Plaintiff's motion for default judgment. Doc. 11. Federal Rule of Civil Procedure 55 contemplates a two-step process for default judgment. First, upon a showing by affidavit or otherwise, the clerk of the court must enter default against a party who has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). After the clerk enters default, the requesting party must apply to the court for default judgment. Fed. R. Civ. P. 55(b)(2). Here,

Plaintiff skipped step one and instead seeks default judgment without first obtaining an entry of default.

Additionally, it does not appear from the record that Defendants have been properly served. The Court originally sent notice and waiver of service forms to Defendants on January 7, 2022 at the address provided by Plaintiff. Doc. 6. Plaintiff then notified the Court that he had provided the incorrect address. Doc. 7. Accordingly, on February 28, 2022, the Court sent notice and waiver of service forms to the correct address. Doc. 9. As discussed in the Order Granting In Forma Pauperis, if Defendants do not return the waiver within 45 days after service of the waiver, then Plaintiff shall file a motion that officers of the Court serve a copy of the summons and complaint on Defendants. Doc. 6 at 3. That 45-day time period has not yet expired.

Lastly, Plaintiff filed a return of service on January 28, 2022, indicating that a copy of the summons and complaint were delivered to Wade Hunt. Doc. 8. The docket in this case, however, does not indicate that summons have been issued, and so it is not clear what documents Plaintiff served. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Additionally, it is not clear from this return which Defendant a summons was directed to (i.e., Wade Hunt individually, or Wade Hunt as an agent of Supreme Maintenance, Inc.) and so not clear which Defendant was served and if service was therefore proper under Federal Rule of Civil Procedure 4.

For these reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Default Judgment (Doc. 11).

_____
UNITED STATES MAGISTRATE JUDGE