IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERHAM LARE,

    Plaintiff,

vs.                                                                                               Civ. No. 22-7 WJ/SCY

SUPREME MAINTENANCE INC.,
and WADE HUNT

    Defendants.

## ORDER DENYING MOTION FOR A SCHEDULING CONFERENCE

This matter comes before the Court on "Plaintiff's Motion for a Scheduling Conference (Request for Oral Argument and Scheduling Conference Hearing)", filed August 23, 2022. Doc. 37. Defendants filed a response in opposition on August 6, 2022. Doc. 38. As background, Plaintiff filed his complaint under Title VII of the Civil Rights Act of 1964 on January 3, 2022. Doc. 1. Upon receipt of the complaint, Defendants filed a motion to dismiss, seeking to dismiss all counts in the complaint against them. Doc. 17. Given the pending motion to dismiss, the Court found good cause to extend the time to issue a scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(2). Doc. 18. Plaintiff then filed a variety of motions, including a motion to clarify (Doc. 22), motion for partial summary judgment (Doc. 26), and a motion to object (Doc. 32) in response to Defendants' motion to strike (Doc. 31).

In the present motion, Plaintiff asks the Court to enter a scheduling and case management order.[1] Doc. 37. However, given the pending motion to dismiss, the Court rejects this request. If

---

[1] The title of Plaintiff's motion also references a "request for oral argument". Doc. 37 at 1. However, Plaintiff does not specify to which motion his request relates. To the extent Plaintiff requests oral argument in connection with the present motion for a scheduling conference, the Court denies the request, as oral argument would not aid it in resolution of this issue. To the

granted, the motion to dismiss would dispose of the entire case. As such, judicial economy is best served by resolving the motion to dismiss before the parties proceed to discovery. Thus, as previously stated on the docket, the Court finds good cause to delay entering a scheduling order. *See* Fed. R. Civ. P. 16(b)(2).

In addition to requesting a scheduling conference, the bulk of Plaintiff's motion is more akin to a motion to compel. That is, Plaintiff sent a number of written discovery requests to Defendants and has not received any responses, so he now move the Court to compel the Defendants to respond to his written discovery. Plaintiff's motion, however, is premature. Under Rule 26(f), parties must confer and create a discovery plan at least 21 days before the Court's scheduling conference. In this case, because the Court stayed setting the scheduling conference, the Rule 26(f) meet and confer requirement is also stayed. Rule 26(d)(1) in turn provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." None of the listed exceptions apply in this case—the case is not exempted from initial disclosures, the parties have not stipulated to conducting discovery, and neither another rule nor Court order currently allows discovery. In sum, because the Court finds good cause to delay issuing a scheduling order, discovery in this case has not yet begun. The Court, thus, denies Plaintiff's motion to compel as premature.

---

extent Plaintiff's request relates to a motion pending before the presiding judge, the presiding judge will set any oral arguments that judge believes necessary. *See* D.N.M. LR-Civ. 7.6(a).

For these reasons, the Court DENIES "Plaintiff's Motion for a Scheduling Conference (Request for Oral Argument and Scheduling Conference Hearing)". Doc. 37.

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**